**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | No. CV 03-1210-PHX-PGR |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| The Boeing Company, et al., ) | |
| Defendants. ) | |

Pending before the Court is the Defendants' Motion for Award of Attorneys' Fees (Doc. 130), and Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Strike or Exclude Evidence Offered by Defendants Regarding Settlement Discussions (Doc. 150). The Court now rules on the motions.

**I.    INTRODUCTION**

The Plaintiff EEOC and Plaintiff-Intervenor Kelly Miles (collectively "Plaintiffs") brought suit against Boeing alleging that Boeing violated Title VII, 42 U.S.C. § 2000e, et seq., by subjecting Miles to a hostile work environment based on her sex and by retaliating against Miles for complaining about the alleged harassment. Both the EEOC's Complaint and Miles' Complaint-in-Intervention (collectively the "Complaints"), filed on Jule 25, 2003 and September 19, 2003 respectively, contained two separate counts against Boeing for

gender based harassment in violation of 42 U.S.C. § 2000e-2, and for retaliation in violation of 42 U.S.C. § 2000e-3.

After the close of discovery, Boeing filed a Motion for Summary Judgment seeking dismissal of both counts in each Complaint. On September 25, 2005, this Court granted summary judgment in favor of Boeing and against Plaintiffs on both the harassment and retaliation claims, and in accordance with that order, judgment was entered on October 4, 2005, dismissing the action in its entirety.

The Defendants filed the present motion for attorneys' fees on October 12, 2005. Boeing seeks an award against Plaintiffs for its attorneys' fees and paraprofessional fees, plus non-taxable expenses, equal to 50% of the fees and costs incurred in the defense of the litigation, plus the reasonable costs incurred in preparation of the Defendants' Motion for Attorneys' Fees. The total amount requested is $87,206.33.

## II.  LEGAL STANDARD AND ANALYSIS

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1975). Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." Id. at 260. In this matter, Defendants are entitled to seek an award of its reasonable attorneys' fees and non-taxable costs pursuant to 42 U.S.C. § 2000e-5(k), which provides that:

> [i]n any action or proceeding under this title [42 U.S.C. §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

According to the United States Supreme Court in Christiansburg Garment Company v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978), "a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." In applying these criteria, the Supreme Court

cautions that a district court should resist "the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22.

Furthermore, the Supreme Court distinguished between the award of attorneys' fees to plaintiffs and defendants stating that there were at least two "strong equitable considerations" in awarding fees to plaintiffs that are "wholly absent in the case of a prevailing Title VII defendant." Id. at 418. First, the plaintiff is the chosen instrument of Congress for vindication of Congressional policy and second, in such a case, fees are awarded against a violator of federal law. Id. The provision was designed to make it easier for a plaintiff of limited means to bring a meritorious suit. Id. at 420. A defendant stands in a different equitable position from that of prevailing plaintiff; however, Congress intended to protect defendants from litigation having no legal or factual basis. Id. The Ninth Circuit, in its reliance on the Christiansburg standard, has concluded that only in exceptional cases did Congress intend that prevailing defendants be awarded attorneys' fees under Title VII. Mitchell v.Office of the Los Angeles County Superintendent of Schools, 805 F.2d 844, 848 (9th Cir. 1986).[1]

Through their motion, the Defendants only seek to recover the fees and non-taxable costs attributed to the Plaintiffs' retaliation claim. The Defendants state that although summary judgment on the Plaintiffs' hostile environment claim was certainly appropriate, the claim might withstand scrutiny under the rigorous Christiansburg standard. However, the Defendants argue that the retaliation claim presents a different story as the claim was

---

[1] Ninth Circuit Judge Hall wrote a separate concurrence to this opinion taking issue with the "sweeping language" used by the majority. Mitchell, 805 F.2d at 848. Judge Hall states that there is no citation to any authority for the proposition that "only in exceptional cases did Congress intend that defendants be awarded attorneys' fees under Title VII." Id. Judge Hall writes that the Court may assess fees when a claim is unreasonable, frivolous or without foundation and no other exceptional circumstances need apply. Id. In this matter, the Court finds that the Plaintiff's case was not frivolous, unreasonable or groundless; therefore, awarding the prevailing Defendants attorneys' fees would not be appropriate. The Court has no reason to look into whether exceptional circumstances warrant the opposite result.

1  "frivolous, unreasonable and/ or without foundation."  The Plaintiffs respond that the
2  commission had both legal and factual bases for asserting the retaliation claim against the
3  Defendants at the outset of this litigation.  The Plaintiffs maintain that the Defendants are
4  engaging in post hoc reasoning in their efforts to persuade the Court that the claim was
5  unreasonable and without foundation.

6      The Court concludes that this is not the type of case that justifies the award of
7  attorneys' fees to the prevailing Defendants.  The Plaintiffs' claims, although ultimately
8  unsuccessful, were not frivolous, unreasonable or without foundation as the rigorous
9  Christiansburg standard requires.  Moreover, it would certainly not serve "the efforts of
10 Congress to promote the vigorous enforcement of the provisions of Title VII" to find
11 otherwise.  Christiansburg, 434 U.S. at 422. The possible chilling effect on civil rights
12 plaintiffs would be disproportionate to any protection Defendants might receive against the
13 prosecution of meritless claims in the future.  The District Court must resist the
14 "understandable temptation to engage in post hoc reasoning" once a plaintiff has
15 unsuccessfully pursued a claim.  Id. at 421-22.  Therefore,

16     IT IS ORDERED that the Defendants' Motion for Award of Attorneys' Fees (Doc.
17 130) is DENIED.

18     IT IS FURTHER ORDERED that the Plaintiffs' Motion to Strike or Exclude Evidence
19 Offered by Defendants Regarding Settlement Discussions (Doc. 150) is DENIED as MOOT.
20     DATED this 14th day of September, 2006.

21
22
23     Paul G. Rosenblatt
    United States District Judge
24
25
26
27
28